UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.,

    Plaintiff,

v.

JACOB'S VENTURE, LLC.,

    Defendant.

Civil Action No. TDC-14-2222

**MEMORANDUM ORDER**

On July 11, 2014, Plaintiff Choice Hotels International, Inc. ("Choice Hotels") commenced this action by filing an application to confirm an arbitration award against Defendant Jacob's Venture, LLC ("Jacob's Venture") for breach of the parties' franchise agreement in the amount of $179,928.60 plus post-judgment interest until paid, which the arbitrator defined as interest accrued on the unpaid amount at the rate of 10 percent per annum and calculated from April 17, 2014 until the award is paid. Appl., ECF No. 1; Appl., Ex. 2, ECF No. 1-3. Jacob's Venture was properly served on August 27, 2014, see ECF No. 4, but, to date, has failed to file any response. On September 3, 2014, Choice Hotels filed a Motion for Entry of Default, ECF No. 6, and a Motion for Default Judgment, requesting that the Court confirm the arbitration award and also seeking $400.00 for the cost of this action, ECF No. 7 at 1. Jacob's Venture did not respond to the Motions. On September 4, 2014, the Clerk of the Court entered an Order of Default against Jacob's Venture, pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 10. The Court has reviewed the Application to Confirm Arbitration Award and filings in this case, and finds no hearing necessary. See Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Motion for Default Judgment is GRANTED.

## DISCUSSION

### I. Legal Standard

Under Rule 55(b)(2), a default judgment after an entry of default is left to the discretion of the court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate where there is an unresponsive party, *Lawbaugh*, 359 F. Supp. 2d at 422-23 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must show that it is entitled to confirmation of that arbitration award as a matter of law." *United Comty. Bank v. Arruarana*, No. 1:10cv248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006)).

### II. Analysis

Under the relevant portions of the Federal Arbitration Act:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (2012). Here, the parties' franchise agreement contains an arbitration clause that provides that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." Appl., Ex. 2 ¶ 21. The parties in this case appear to be diverse, *see* Appl. at 1, and the amount in controversy satisfies

the jurisdictional minimum for diversity jurisdiction under 28 U.S.C. § 1332(a). The Court is therefore satisfied that it has jurisdiction to confirm the arbitration award.

Any review of an arbitration award by a court is "severely circumscribed," and, in fact, "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a dispute within the scope of the arbitration clause, federal courts may vacate an arbitration award only upon a showing of one of the grounds set forth in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law. *Id.* Section 10 of the Federal Arbitration Act limits review to the following grounds: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or misconduct on the part of the arbitrator; (3) the arbitrators were guilty of misconduct that prejudiced the rights of a party; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10. A misinterpretation of a contract, or a misinterpretation of law, does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of one of the grounds for vacating the award. *Three S Del. Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

In this case, the claims resolved by arbitration were within the scope of the parties' franchise agreement. As noted above, the franchise agreement provides that a claim for breach of the agreement is subject to arbitration, Appl., Ex. 2 ¶ 21, and the arbitrator awarded damages for breach of the parties' franchise agreement, Appl., Ex. 1, at 1, ECF No. 1-2. Furthermore,

although it was properly served in this case and received notice of the Motion, Jacob's Choice has failed to answer Choice Hotels's application or otherwise make a showing of any grounds for vacating the arbitration award. Accordingly, the Court will confirm the arbitration award.

Choice Hotels's request for costs consisting of the $400 filing fee for this action, made in its Motion for Default Judgment, is denied because it was not included in its initial pleading. Federal Rule of Civil Procedure 54(c) mandates that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## CONCLUSION

For the foregoing reasons, Choice Hotels's application to confirm the arbitration award of $179,928.60 plus interest, accrued on the unpaid amount at the rate of 10 percent per annum and calculated from April 17, 2014 until the award is paid, is GRANTED.

Date: January 14, 2015

THEODORE D. CHUANG
United States District Judge